```
         FILED ✓      ___ LODGED
         ___ RECEIVED ___ COPY

              NOV 0 3 2025

         CLERK U S DISTRICT COURT
            DISTRICT OF ARIZONA
         BY_____ DEPUTY
```

# WRITTEN RECORD OF PLEA AGREEMENT
## U.S. MAGISTRATE JUDGE
## FLAGSTAFF, ARIZONA

CASE NO.: CR-25-08192-01-PCT-CDB

UNITED STATES OF AMERICA v. **SHAELENE SHAWNELLE JACKSON**

**VIOLATION(S) PLEADING GUILTY TO:**
**Count 2 the Information:** Assault by Striking, Beating, and Wounding in Indian Country, in violation of 18 U.S.C. §§ 113(a)(4) and 1153, a Class A Misdemeanor.

MAXIMUM FINE (18 U.S.C. § 3571): $100,000.00
MAXIMUM IMPRISONMENT (18 U.S.C. § 3581): One year
MAX. PROBATION/SUPERVISED RELEASE (18 U.S.C. §§ 3561, 3583): Five Years' Probation/One Year Supervised Release
MANDATORY SPECIAL ASSESSMENT (18 U.S.C. § 3013): $25.00

SENTENCING GUIDELINES RECOMMENDATIONS. The parties recommend to the Court, pursuant to Fed. R. Crim. P. 11(c)(1)(B), the following United States Sentencing Guidelines calculations:
  Total Offense Level: 7 (base) - 2 (acceptance) = 5
  U.S.S.G. § 2A2.3
  Criminal History Category: II
  Imprisonment Range: 0 to 6 months (statutory max. of 12 months)
  Supervised Release Range: 1 year
  Fine Range: $500.00 to $9,500.00

**RULE 11(c)(1)(C), Fed. R. Crim. P., Stipulated Sentence:** The defendant shall be sentenced to three years' probation. In addition to the mandatory and standard conditions of supervision set forth in General Order 17-18, as well as any terms of supervision that the Court deems appropriate, the defendant shall abide by the following supervision conditions (with the specific language of those conditions to be in the discretion of the Court):
  1. You must participate as instructed by the probation officer in a program of substance abuse treatment, which may include testing for substance abuse. If substance use treatment includes inpatient treatment and you object, the probation officer must seek court authorization first. You must contribute to the cost of treatment in an amount to be determined by the probation officer.

2. You must submit to substance abuse testing. You must not attempt to obstruct or tamper with the testing methods. You must contribute to the cost of testing in an amount to be determined by the probation officer.
3. You must reside at and participate in a Residential Reentry Center, a residential substance abuse treatment program, a sober-living environment, or any combination thereof as approved and directed by the probation officer for up to 180 days, unless discharged earlier by the probation officer. You must follow all rules and regulations. You shall contribute to programming costs in an amount determined by the probation officer.
4. You must submit your person, property, house, residence, vehicle, papers, or office to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.
5. You must not use or possess alcohol or alcoholic beverages.
6. You must rectify any outstanding warrants from any state, tribal, and/or local courts, including (but not limited to) submitting to the jurisdiction of those courts within 90 days of your release from custody or from sentencing (whichever is longer).

The parties understand and agree that Mandatory Condition #3 under General Order 17-18 shall not be waived.

Fine, in addition to the mandatory special assessment of $25.00, in the discretion of the Court but capped at $500.00.

**RESTITUTION:** The defendant shall pay restitution to W.B., if any, in an amount to be determined but capped at $500.00. Total restitution shall be determined within 90 days of sentencing. Restitution shall be paid through the Clerk of the U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118, or as otherwise directed by the Court.

**DISPOSITION OF ADDITIONAL CHARGES:** If the plea and stipulated sentence are accepted by the Court, the United States Attorney's Office agrees to: (1) dismiss the Complaint in Case No. MJ-25-04408-001-PCT-CDB at the conclusion of sentencing to the extent it is still pending; and (2) not file any additional charges against the defendant concerning the facts set forth in the affidavit supporting the Complaint in Case No. MJ-25-04408-001-PCT-CDB.

**VICTIM(S) INFORMED OF AGREEMENT:** Yes.

**ELEMENTS OF OFFENSE(S):** On or about September 13, 2025, in the District of Arizona, within the confines of the Havasupai Indian Reservation, Indian Country:

1. The defendant knowingly, intentionally, or recklessly struck, beat, or wounded the victim (W.B.);
2. The assault took place within Indian Country; and
3. The defendant is an Indian.

**FACTUAL BASIS:** I admit that the following facts are true and correct to the best of my knowledge and belief:

> I admit that on September 13, 2025, within the confines of the Havasupai Indian Reservation (Indian Country) in the District of Arizona, I knowingly and recklessly assaulted BIA Officer W.B. by striking him. I admit that I was extremely intoxicated and was arrested by Officer W.B. While sitting in the front of the utility terrain vehicle during transport to the jail, I became uncooperative, turned around, and punched Officer W.B. in the chest. Officer W.B. was in the course of his official duties as a federal law enforcement officer at the time.
>
> I admit that I am an Indian (Native American) and have some quantum of Indian blood. I admit that I am an enrolled member of the Havasupai Indian Tribe, which is a federally recognized Indian tribe.
>
> I hereby plead guilty to the charges set forth in this plea agreement.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

I have carefully reviewed every part of this statement with my attorney. I understand it, and I voluntarily agree and enter into it.

I, **Shaelene Shawnelle Jackson**, understand that the above sentencing provision is binding upon the Court if the Court accepts my guilty plea under this plea agreement.

By pleading guilty, I will be giving up my rights to plead not guilty; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination – all with the assistance of counsel – and to be presumed innocent until proven guilty beyond a reasonable doubt. I understand that pleading guilty may have consequences with respect to immigration status to the extent that I am a recently naturalized United States citizen or not a citizen of the United States.

I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge my conviction. In particular, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, the complaint, the information, or the citation; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the

right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

The nature of the charge(s) and the possible penalties have been explained to me, and I agree that there is a factual basis for each charge to which I am pleading guilty. I understand that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. I further understand that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines (to the extent applicable), the factors set forth in 18 U.S.C. § 3553, and any stipulations set forth in this plea agreement. I further understand and agree that (to the extent applicable) any recommended Sentencing Guidelines Calculations are not binding on the Court.

As an offense listed under 18 U.S.C. § 3663A(c)(1) gave rise to the plea agreement, pursuant to 18 U.S.C. § 3663A, the defendant specifically agrees to pay full restitution, in the amount an amount to be determined but capped at **$500.00**, to W.B., a victim directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663, or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). The United States does not object to payments of not less than **$50.00** per month, with the caveat that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

5

Assets and Financial Responsibility. The defendant shall: (i) make a full accounting of all assets, including real and personal property, in which the defendant has any legal or equitable interest; (ii) permit the U.S. Attorney's office to immediately obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligation that is or might be imposed by the court; (iii) make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's probation, with such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Program, for any purpose [as well as the financial condition of all household members (including but not limited to that of a spouse or child)]; (iv) cooperate fully with the government and the probation officer to execute such documentation as may be necessary to secure assets to be applied to restitution owed by the defendant. The defendant agrees to permit the probation officer to provide to the U.S. Attorney's Office copies of any and all financial information provided by the defendant to the U.S. Probation Office; (v) not (and shall not aid and abet any other party to) sell, hide, waste, spend, destroy, transfer or otherwise devalue any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures); and (vi) submit to an interview in which the defendant will fully and truthfully answer all questions regarding the defendant's past and present financial condition.

My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement.

[ ] **The parties request that a presentence investigation and report be conducted in this matter.**

[X] **The parties do not request that a presentence investigation and report be conducted in this matter. Pursuant to Rule 32(c)(1)(A)(ii) of the Federal Rules of Criminal Procedure, the parties believe sufficient information exists in the record to enable that Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553.**

I am not currently under the influence of alcohol or any other intoxicants, and I am fully capable of understanding this agreement and enter it voluntarily.

_____    _____11/3/25_____
Shaelene Shawnelle Jackson                Date

6

Defendant

_____     __11/3/25__
Matthew Poirier                        Date
Attorney for Defendant


_____     __11/3/25__
Dimitra H. Sampson                     Date
Assistant U.S. Attorney


_____     __November 3, 2025__
Camille D. Bibles                      Date
U.S. Magistrate Judge


__✓__ ACCEPTED     _____ REJECTED